Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| MICHAEL ALEXANDER RIVERA CRUZ, REJUVENATION FILLER D/B/A<br><br>APELANTE<br><br>V.<br><br>CENTRO DEL SUR MALL, LLC., REPRESENTADO POR COMMERCIAL CENTERS MANAGEMENT REALTY S EN C.<br><br>APELADO | TA2025AP00118 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2022CV00783<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios; y Sentencia Declaratoria |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez y la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2025.

La parte apelante compuesta por el señor Michael Alexander Rivera Cruz y Rejuvenation Filler DBA solicita que revoquemos la sentencia en la que el Tribunal de Primera Instancia desestimó con perjuicio la demanda presentada por este contra Centro del Sur Mall LLC., y Commercial Centers Management Realty S en C. La parte apelada presentó su oposición al recurso.

**I**

Los hechos esenciales son los siguientes. El 29 de marzo de 2022, la apelante presentó una demanda contra la apelada por incumplimiento de contrato y pidió una indemnización por daños y perjuicios. La demanda incluyó las alegaciones siguientes. El 22 de septiembre de 2021, las partes suscribieron un contrato de arrendamiento. La apelada alquiló a la apelante un espacio para establecer una carreta de venta de productos de belleza. El contrato era de adhesión porque fue preparado, exclusivamente, por la apelada. Las partes acordaron el pago de un

canon de novecientos dólares ($900) mensuales. El contrato tenía una vigencia de un año y sería renovado mes a mes. La apelante invirtió cuarenta y nueve mil dólares ($49,000) para comprar la carreta y los productos de belleza. Desde el inicio de la operación comercial, obtuvo ganancias. La apelante recibía una ganancia neta de veinte mil dólares ($20,000) mensuales y proyectó una ganancia neta anual de ciento cincuenta mil dólares ($150,000). El 4 de noviembre de 2021 la apelada notificó a la apelante la resolución del contrato, sin justificación alguna, y en pleno comienzo de la época navideña. La apelada únicamente informó a la apelante la terminación del contrato y que tenía hasta el 4 de diciembre para salir del establecimiento comercial. La apelante requirió, inmediatamente, a la apelada que le informara las razones para terminar el contrato. El 4 de diciembre de 2021, la apelante desalojó el espacio alquilado. La apelada le ofreció quedarse, pero condicionado a que no podía hacer propaganda de venta, ni mostrar el producto a los visitantes. La apelante rechazó la oferta. La apelada terminó el contrato, por un bochinche falso y difamatorio en las redes sociales donde se le imputó la venta de productos ilícitos. La apelante hizo un préstamo de treinta y nueve mil ($39,000) dólares para poder relocalizar su negocio. Los daños sufridos por la apelante ascienden a ciento ochenta mil dólares ($180,000) en daños. La apelante reclama una indemnización de doscientos treinta mil dólares ($230,000).[1]

La apelada presentó una *Moción en Solicitud de Desestimación en la Alternativa, Solicitud de Sentencia Sumaria.*[2] Adujo que el reclamo de la apelante era insostenible en Derecho y que de las alegaciones de la demanda surgía que no incumplió el contrato. La representación legal de la apelada argumentó que la terminación de contrato se realizó conforme a Derecho y a lo pactado en la cláusula tres (3) del contrato.

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada número 1 ante el TPI.
[2] Id, entrada número 8 ante el TPI.

Según la apelada no existe controversia de que las partes acordaron expresamente que:

> *The premises shall be used during the period of One (1) year. Landlord and the Tenant shall have the right to termite the Lease with a thirty (30) days prior written notice.*

La representación legal de la apelada argumentó que las partes acordaron una cláusula resolutoria bilateral en la que ambas se reservaron el derecho a terminar el contrato, sujeto a notificar la cancelación con treinta (30) días de anticipación. No obstante, advirtió que no condicionaron la cancelación a la necesidad de justa causa. La apelada alegó que la comunicación que envió a la apelante el 4 de noviembre de 2021 cumplió con lo pactado, porque le dio hasta el 4 de diciembre de 2021 para desalojar la propiedad. Reiteró la solicitud de desestimación.

La apelante se opuso porque existía controversia sobre la interpretación del contrato, sus cláusulas, los daños reclamados y su valoración. Su representación legal se limitó a alegar que las partes acordaron que el contrato tendría la vigencia de un año, que podía prorrogarse un año y que nadie invertía $50,000.00 para que lo botaran al mes.[3]

El 7 de noviembre de 2022, el TPI declaró no ha lugar la desestimación y, en la alternativa, la solicitud de sentencia sumaria. El foro primario se negó a desestimar la demanda porque gran parte de los hechos medulares del caso estaban en controversia. Según el TPI, la apelante alegó que era necesario interpretar el contrato y trajo a colación los actos previos a la firma y a las reuniones entre las partes. No obstante, dio por hecho que; (1) la apelada era la dueña del espacio arrendado por la apelante, (2) las partes aceptaron que otorgaron el contrato de arrendamiento el 22 de septiembre de 2021 y el 4 de noviembre la apelante recibió un correo electrónico en el que la apelada

---

[3] Véase SUMAC, entrada número 14 ante el TPI.

le informó que tenía hasta el 4 de diciembre de 2021 para desalojar la propiedad.[4]

El 16 de noviembre de 2022, la apelada solicitó reconsideración, invocando su derecho contractual a hacer valer la cláusula resolutoria. Según la apelada, de esa cláusula surgía meridianamente claro que la facultad resolutoria no estaba condicionada a la existencia de justa causa. La apelada adujo que la comunicación electrónica que envió a la apelada el 4 de noviembre de 2021 cumplió con los requisitos establecidos en dicha cláusula. Su representación legal defendió la validez legal de las cláusulas resolutorias bilaterales. La apelada no dio importancia a las alegaciones de reuniones previas y a que el contrato era de adhesión, porque a su entender eran insuficientes para invalidar la cláusula resolutoria. Por último, adujo que la apelante no controvirtió ninguno de los hechos de la moción de desestimación o, en la alternativa, solicitud de sentencia sumaria. Posteriormente, la apelada solicitó que se diera por sometida la reconsideración sin oposición, debido a que la apelante no compareció en el término concedido.[5]

El TPI dictó la sentencia apelada en la que declaró ha lugar la moción de reconsideración y desestimó la demanda con perjuicio. El foro apelado determinó que no existía controversia sobre los hechos a continuación. La apelada era dueña del espacio número K-9 ubicado en el Centro del Sur Mall en Ponce, Puerto Rico. Ambas partes aceptaron la existencia del contrato de arrendamiento otorgado el 22 de septiembre de 2021, mediante el cual la apelada arrendó a la apelante ese espacio. El 4 de noviembre de 2021, la apelante recibió una comunicación escrita en la que la apelada le informó la cancelación del contrato efectiva en o antes del 4 de diciembre de 2021 y dentro del término de 30 días pactado.[6]

---

[4] Véase SUMAC, entrada número 16 ante el TPI.
[5] Véase SUMAC, entrada número 17 ante el TPI.
[6] Véase SUMAC, entrada número 24 ante el TPI.

El foro apelado analizó nuevamente la totalidad del expediente y cambió su determinación conforme solicitó la apelada en la moción de reconsideración. Aunque reconoció que el contrato entre las partes era de adhesión, no encontró que ninguna de sus cláusulas atentara contra la ley, la moral y el orden público. Expresó que tampoco existía evidencia de que la apelada vulneró los derechos de la apelante o que le ocasionó daños por incumplimiento contractual. Fue enfático en que las partes no acordaron en la cláusula resolutoria la existencia justa causa para resolver el contrato. El TPI quedó convencido de que las partes únicamente acordaron el término en el que debía notificarse la resolución del contrato. El foro primario resolvió que la moción de reconsideración cumplía con los requisitos de particularidad y especificidad requeridos, que la apelante no controvirtió ningún hecho material y que la apelada ejerció la resolución del contrato conforme a lo pactado.

Inconforme, la apelante presentó este recurso en el que alega que:

ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA AL AMPARO DE LA REGLA 10.2(5) DE PROCEDIMIENTO CIVIL.

## II

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, es aquella que formula la parte demandada antes de presentar su alegación responsiva. Los fundamentos para solicitar la desestimación son los siguientes; (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento, (5) dejar d exponer una reclamación que justifique un remedio y (6) falta de parte indispensable. El Tribunal Supremo de Puerto Rico ha reiterado que los tribunales deberán tomar como ciertos todos los hechos bien alegados en la demanda. La desestimación únicamente procede si existen circunstancias para determinar que la demanda no tiene mérito alguno y que la demandante no tiene derecho a ningún remedio, sin importar los

hechos que puedan probarse en apoyo a su reclamación. La evaluación de una moción de desestimación basada en que la demanda no expone una reclamación que justifique la concesión de un remedio, tiene que realizarse de la forma más favorable para el demandante y toda duda debe resolverse a su favor. Una demanda solo puede ser desestimada, si se demuestra con toda seguridad que la demandante no merece remedio alguno. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

En otro orden de cosas, las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes que están obligadas a cumplir con lo pactado. Artículo 1233 del Código Civil de 2020, 31 LPRA sección 9754. El principio de la autonomía de la voluntad significa que los contratantes pueden establecer todos los pactos, cláusulas y condiciones que entiendan convenientes, siempre que no sean contrarias a la ley, la moral y el orden público. Artículo 1232 del Código Civil de 2020, 31 LPRA sección 9753. Si los términos de un negocio jurídico bilateral son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus palabras. Artículo 354 del Código de 2020, 31 LPRA sección 6342; *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 994-995 (2024). Los contratos de adhesión no están exentos de ser interpretado conforme a sus cláusulas, cuando son claras y libre de ambigüedad. *Barreto Nieves et al. v. East Coast,* 213 DPR 852, 864 (2024).

En cuanto a las cláusulas contractuales resolutorias, el Tribunal Supremo de Puerto Rico ha reconocido la validez legal de las cláusulas resolutorias unilaterales y bilaterales y, sin justa causa. Su interpretación como en todo contrato, se rige por el sentido literal de sus cláusulas, cuando sus términos son claros y no dejan duda sobre la intención de los contratantes. En *Rodríguez García v. UCA,* 200 DPR 929,

943-944 (2018), los contratantes acordaron una cláusula resolutoria bilateral, sin justa causa. Ambas partes se reservaron el derecho a resolver el contrato, sin justa causa y en cualquier momento de la relación contractual. La única condición impuesta era que debían notificar a la otra parte al menos noventa días antes de la fecha de terminación. El Tribunal Supremo reconoció la validez de dicha cláusula y redujo la controversia a determinar, si la parte que ejerció la acción resolutoria cumplió con los términos acordados para hacerla efectiva. Según el tribunal correspondía analizar, si la promovente de la acción resolutoria cumplió adecuadamente con el requisito de notificación. Finalmente, el Tribunal Supremo resolvió que la promovente no cumplió con el requisito de notificación, porque no notificó a la otra parte su intención de finalizar la relación contractual dentro el término acordado.

## III

La parte apelante alega que el TPI erró al desestimar la demanda porque no existe una causa de acción que justifique la concesión de un derecho a su favor.

La controversia planteada amerita evaluar si la apelada ejerció correctamente el derecho a activar la cláusula resolutoria. La validez legal de las cláusulas resolutorias, tanto unilaterales como bilaterales y sin justa causa, es incuestionable porque ha sido reconocida por el Tribunal Supremo. El texto de la cláusula en controversia no requiere ningún esfuerzo para su interpretación, porque es claro y libre de ambigüedad. Las partes acordaron expresamente la cláusula resolutoria siguiente:

> *The Premises shall be used during the period of One (1) year. Landlord and the Tenant shall have the right to termite the Lease with a thirty (30) days prior written notice.*

Ambas partes acordaron reservarse el derecho a dar por terminado el contrato antes de que terminara su vigencia. Las partes no

condicionaron el ejercicio de la acción resolutoria a la existencia de justa causa. El único requisito acordado era que debían ejercer el derecho resolutorio con treinta (30) días de anticipación. La apelada ejerció la acción resolutoria conforme a lo pactado y dentro del término establecido. El 4 de noviembre de 2021 informó a la apelante su intención de terminar el contrato y puso como fecha límite el 4 de diciembre de 2021 para el desalojo de la propiedad. La apelante se limitó a alegar que acordaron que el término del contrato era de un año y que era prorrogable. No obstante, olvida que prestó su anuencia a una cláusula resolutoria que es clara y libre de toda ambigüedad en la que ambas partes se reservaron el derecho a terminar el contrato antes de su vencimiento.

La apelante no tiene una causa de acción que justifique la concesión de un remedio por el incumplimiento contractual de la apelada, porque es un hecho incontrovertido que la parte apelada ejerció el derecho a terminar el contrato conforme a lo pactado.

**IV**

Por los fundamentos antes expresados se confirma la sentencia apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones